**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**DOROTHY HAWTHORNE-BURDINE** **PLAINTIFF**

**v.** **Case No. 4:26-cv-223-JM**

**UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, Honorable Douglas A. Collins, Secretary** **DEFENDANT**

**ORDER**

Plaintiff Dorothy Hawthorne-Burdine's motion to proceed *in forma pauperis* is DENIED as incomplete. While she attests that she is indigent, she provides no information on which the Court can make this determination. *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (*per curiam*) (complaint can be filed if plaintiff qualifies by economic status under 28 U.S.C. § 1915(a)). The Court directs the Clerk to mail Mrs. Hawthorne-Burdine a blank application to proceed *in forma pauperis*.

The Court also must screen the complaint. 28 U.S.C. § 1915(e)(2). Regardless of whether a plaintiff is represented by an attorney or is representing herself (also called appearing *pro se*), the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) "A *pro se* plaintiff must set forth enough factual allegations to 'nudge [ ] their claims across the line from conceivable to plausible,' or 'their complaint must be dismissed' for failing to state a claim upon which relief can be granted." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Mrs. Hawthorne-Burdine has not met this burden.

Mrs. Hawthorne-Burdine brings this *pro se* action under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act (ADEA) alleging she suffered workplace harassment because of her race and age. (Doc. 2 at 2). Mrs. Hawthorne-Burdine generally says that she suffered workplace harassment, noting comments about her hairstyle and "inappropriate sexualized remarks." (*Id*.). She states she was treated differently because of her race (black) race and age (over 40) and states that when she complained, she was retaliated against and ultimately fired. (*Id*.). No other facts or specifics are provided. This is not enough to survive screening.

The Court will give Mrs. Hawthorne-Burdine an opportunity to amend her complaint to include sufficient facts which, when treated as being true, would allow the Court to reasonably infer that she suffered illegal harassment at work.

> To establish a prima facie case for hostile work environment [under Title VII], a plaintiff must show: (1) she belongs to a protected group; (2) she was subject to unwelcome harassment; (3) a causal nexus exists between the harassment and the protected group status; (4) the harassment affected a term, condition, or privilege of employment; and (5) her employer knew or should have known of the harassment and failed to take proper action.

*Warmington v. Bd. of Regents of Univ. of Minn.,* 998 F.3d 789, 799 (8th Cir. 2021) (citation omitted). While it is true that at this stage of the proceedings, a plaintiff is not required to make a "detailed evidentiary proffer" to support her claim, these five elements are "part of the background against which a plausibility determination should be made," and the court may use them "as a prism to shed light upon the plausibility of the claim." *Id*. at 796 (8th Cir. 2021) (cleaned up).

In her amended complaint, Mrs. Hawthorne-Burdine should simply and clearly explain the who, what, when, where, and how surrounding her claims. To further support her claims, she may attach the Charge of Discrimination she filed with the EEOC to her amended complaint. Mrs. Hawthorne-Burdine is advised that "standards for a hostile environment are demanding, and conduct must be extreme and not merely rude or unpleasant to affect the terms and conditions of

employment." *Alvarez v. Des Moines Bolt Supply, Inc.*, 626 F.3d 410 (8th Cir. 2010) (quotation and citation omitted).

If Mrs. Hawthorne-Burdine chooses not to amend her complaint, or if her amended complaint does not cure the problems with her current complaint, then the Court will dismiss her case without prejudice.

Mrs. Hawthorne-Burdine is further directed to be familiar and comply with the Federal Rules of Civil Procedure as well as the Local Rules of this Court. Both sets of rules are available online. (See https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure and https://www.are.uscourts.gov/cour-info/local-rules-and-orders/local-rules.). The Court notes that Local Rule 5.5(c)(2) instructs *pro se* parties that it is their responsibility to notify the Clerk and other parties of any change in their address, to monitor the progress of the case, and to prosecute or defend the action diligently. *Pro se* parties should sign all pleadings and include their address and telephone number with any signature. If any communication from the Court to a *pro se* party is not responded to within 30 days, the case may be dismissed without prejudice.

Mrs. Hawthorne-Burdine's completed application to proceed *in forma pauperis* and amended complaint must be filed by November 2, 2026. If either the application to proceed *in forma pauperis* or an amended complaint is not filed, this case will be dismissed for failure to state a claim.

The motion to appoint counsel (Doc. 3) is DENIED. Should the amended complaint survive screening, the Court will reconsider the request on separate motion.

IT IS SO ORDERED this 5th day of October, 2026.

________________________________
UNITED STATES DISTRICT JUDGE